IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEARNEY REGIONAL MEDICAL CENTER, | ) ) ) | |
| Plaintiff, | ) ) | 4:15CV3081 |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and SYLVIA MATHEWS BURWELL, in her official capacity as Secretary of the United States Department of Health and Human Services, | ) ) ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on cross-motions for summary judgment with regard to the April 9, 2014, denial of Kearney Regional Medical Center's ("plaintiff" or "KRMC") application to participate in the Medicare program.  Filing Nos. 17, 26, 28.  The Centers for Medicare and Medicaid Services ("CMS"), a federal subagency of the United States Department of Health and Human Services ("HHS"), denied KRMC's application. *See* Filing No. 17 at 1, Filing No. 18 at 2.  These motions have been fully briefed, and the administrative record ("record") has been provided to the Court.  Filing Nos. 19, 27, 29, 34.  After a review of the motions, briefs, the entire administrative record, and relevant law, the Court finds as follows.

**I. Background**

At the time of plaintiff's application to the Medicare program, KRMC was a new facility that obtained a Certificate of Occupancy from the city of Kearney, Nebraska on September 27, 2013. Filing No. 19-2 at 9. On December 9, 2013, KRMC received a state operating license. *Id*. "Between December 9 and December 30, 2013, [KRMC] admitted 21 inpatients." *Id*. From January 13 to 15, 2014, the American Osteopathic Association Healthcare Facilities Accreditation Program ("AOA") conducted a survey by reviewing the medical records for prior inpatients admitted in December 2013.[1] *Id*. at 9-10. On February 7, 2014, AOA granted KRMC full accreditation and recommended to CMS that KRMC be given "deemed status."[2] *Id*. at 10.

From December 30, 2013, to February 10, 2014, no inpatients were treated at KRMC. *Id*. KRMC asserts that this was due to the head of the AOA survey team informing KRMC that it was

---

[1] An accreditation by the AOA used to demonstrate that a prospective provider meets the applicable Medicare conditions or requirements. 42 U.S.C. § 1395bb(a)(1).

[2] In order for a prospective provider to obtain "deemed status," the following conditions must be met: "the provider has voluntarily applied for, and received, accreditation from a CMS-approved national accrediting organization; the accrediting organization has recommended the provider to CMS for Medicare participation; CMS has accepted the accrediting organization's recommendation; and CMS finds that all other participation requirements have been met." 42 C.F.R. § 488.1.

not necessary to have inpatients present in the hospital to conduct the survey. *Id*. Plaintiff asserts, and the Administrative Law Judge ("ALJ") concluded that from February 10, 2014, to May 7, 2014, KRMC cared for fifty-one inpatients. *Id*. at 4.

On April 9, 2014, KRMC's application was denied by CMS. *Id*. at 10. On April 17, 2014, after reconsideration, CMS affirmed its decision to deny plaintiff's application. *Id*. Following CMS's denial of plaintiff's application, AOA withdrew its February 7, 2014, accreditation. *Id*. AOA conducted a second accreditation survey between April 28 and 30, 2014. *Id*. Following the second survey, AOA again recommended to CMS that KRMC receive deemed status. *Id*. CMS subsequently granted KRMC "deemed status to participate in Medicare effective May 8, 2014." *Id*.

Plaintiff requested an ALJ hearing contesting CMS's April 17, 2014, denial of KRMC's application. *Id*. at 11. The ALJ disposed of the case in favor of defendants through cross motions for summary judgment. *See* Filing No. 19-2 at 3, 8, 11. The ALJ granted summary judgment in favor of defendant. *Id*. at 8. Plaintiff sought review through the HHS Departmental Appeals Board ("DAB") which conducted a hearing on February 25, 2015. *See* Filing Nos. 19-2 at 9, 19-5 at 1. On May 25, 2015, DAB

affirmed the ALJ's grant of summary judgment.  Filing No. 19-2 at 17.  On July 29, 2015, plaintiff filed a complaint with this Court seeking review of defendants' final agency action.  Filing No. 1.

## II. LAW

### A. Summary Judgment

Generally, a motion for summary judgment will be granted by the Court, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### B. Review of Agency Action

A provider of services may seek judicial review of final agency action denying an application to enroll in the Medicare program subject to 42 U.S.C. § 405(g).  *See* 42 U.S.C. §§ 1395cc(j)(8), 1395cc(h)(1)(A).  The Social Security Act states that "[t]he findings of the [Secretary of Health and Human

Services] as to any fact, if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g).

Plaintiff argues that the Court should review this case under both the substantial evidence standard pronounced by § 405(g) and the arbitrary and capricious standard of the Administrative Procedure Act ("APA"). Filing No. 27 at 11-12. *See also* 5 U.S.C. § 706. To support review under the APA's arbitrary and capricious standard, plaintiff relies on *Friedman v. Sebelius*, 686 F.3d 813 (D.C. Cir. 2012)(holding that the language of § 405(g) does not preclude review under the APA's arbitrary and capricious standard). Defendants assert that 42 U.S.C. § 405(h) adopted § 405(g) as the sole method of review, thereby precluding the application of the arbitrary and capricious standard to review of final agency action in this context. Filing No. 29 at 11. The Court need not resolve the dispute over which standard of review is appropriate under the circumstances, because the result under both the substantial evidence and arbitrary and capricious standards is the same.

A reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

-5-

> A decision is arbitrary and capricious if "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

*McClung v. Paul*, 788 F.3d. 822, 828 (8th Cir. 2015) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983)).

Under substantial evidence review, the Secretary's decision will be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in

the record that would have supported a different outcome." *Hutsell*, 259 F.3d at 711. In other words, "[the Court] may not reverse simply because [the Court] would have decided differently or because substantial evidence supports a contrary outcome." *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)).

In addition to review of the evidence to support the defendants' decision, the Court must determine whether the defendants applied the "proper legal standard in reaching [the defendants'] results." *Smith v. Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992). Issues of statutory interpretation are reviewed de novo. *Smith*, 982 F.2d at 311.

## III. Discussion

Plaintiff's claim revolves around the interpretation and application of 42 U.S.C. § 1395x(e)(1). *See* Filing No. 27 at 13. Plaintiff argues that defendants: (a) misinterpreted and misapplied the law governing the definition of a hospital and (b) denied plaintiff due process through its denial of KRMC's participation in the Medicare program. Filing No. 27 at 13,28.

### A. Interpretation and Application of Relevant Law

Plaintiff attacks the defendants' interpretation and application of the relevant law on several fronts. Plaintiff argues that: (1) the defendants interpretation of 42 U.S.C.

-7-

§ 1395x(e)(1) improperly focuses on the lack of inpatients at KRMC in January 2014 rather than all of the relevant evidence (Filing No. 27 at 13-21); (2) the defendants' review of an "inflated 42-day time period" goes beyond the rationale articulated by CMS (*Id*. at 22); (3) under 42 C.F.R. § 489.13, KRMC met the definition of a hospital no later than February 10, 2014 (*Id*. at 23); and (4) the decision of KRMC to limit patient admissions for fiscally responsible reasons should have been taken into consideration when determining if a facility meets the definition of a hospital (*Id*. at 16).

In order to participate in the medicare program a prospective Medicare provider "must meet the applicable statutory definitions in . . . [ 42 U.S.C. § 1395x(e)(1)]." 42 C.F.R. § 488.3(a). For the purposes of the Medicare program, a hospital is an institution which, "is primarily engaged in providing, by or under the supervision of physicians, to inpatients (A) diagnostic services and therapeutic services for medical diagnosis, treatment, and care of injured, disabled, or sick persons, or (B) rehabilitation services for the rehabilitation of injured, disabled, or sick persons." 42 U.S.C. § 1395x(e)(1).

CMS makes the determination as to whether a prospective provider meets the statutory definitions and conditions based

upon a state survey, CMS survey, or an accreditation decision from a CMS approved organization.  42 C.F.R. § 489.13.  "CMS may determine that a provider or supplier does not meet the applicable Medicare conditions or requirements *on the basis of its own investigation of the accreditation survey or any other information related to the survey.*"  42 C.F.R. § 488.7 (emphasis added).  CMS may deny a provider agreement if "[t]he prospective provider is unable to give satisfactory assurance of compliance with the requirements of Title XVIII of the Act."  42 C.F.R. § 489.12(a)(4).

"When a court reviews an agency's construction of the statue which it administers, it is confronted with two questions."  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984).  A reviewing court must first determine if Congress has directly addressed the issue.  *Chevron*, 467 U.S. at 842.  When a statute has been enacted governing a particular issue, "[i]f the intent of Congress is clear . . . [the court] must give effect to the unambiguously expressed intent of Congress."  *Id*. at 842-43.  However, "if the statute is silent or ambiguous with respect to the specific issue, the [second] question for the court is whether the agency's answer is based on a permissible construction of the statute."  *Id*. at 843.

-9-

The Court has reviewed the parties' arguments, relevant DAB decisions, relevant federal regulations, and engaged in a de novo review of § 1395x(e)(1). Applying the analysis pronounced by the Supreme Court in *Chevron*, the Court finds an ambiguity in § 1395x(e)(1). While the Court agrees with the DAB that the statute requires a facility to be presently engaged in the treatment of inpatients, facially § 1395x(e)(1) does not specifically provide a time for which the CMS may base its determination. *See* 42 U.S.C. § 1395x(e)(1). Because the Court finds an ambiguity, the Court moves to step two of the *Chevron* analysis. The Court finds that when § 1395x(e)(1) is read in context with 42 C.F.R. §§ 488.7, 489.13, it is reasonable to interpret "presently engaged" to include the prospective provider's history to the time when CMS receives a recommendation from the accrediting organization. Accordingly, defendants' interpretation of § 1395x(e)(1) is entitled to *Chevron* deference.

After review of plaintiff's arguments, the Court finds that defendants correctly applied the relevant law to the facts of this case. Defendants' determination that KRMC did not meet the definition of a hospital at the relevant time is supported by substantial evidence; is not arbitrary, capricious, or an abuse of discretion; and is in accordance with the law.

**B. Due Process**

Plaintiff argues that it "has a protected property interest in receiving compensation for the services it provided prior to May 8, 2014, to patients covered by Medicare." Filing No. 27 at 28. Plaintiff bases KRMC's protected property interest in AOA's first accreditation of KRMC. Filing No. 34 at 17. In addition, plaintiff asserts that defendants' ruling was not decided pursuant to any ascertainable standards and is "irrational, arbitrary and capricious, and offends judicial notions of fairness." Filing No. 27 at 29 (internal quotation omitted).

"Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated." *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 445-46 (8th Cir. 1995). "'The possession of a protected life, liberty, or property interest is . . . a condition precedent' to any due process claim." *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999)(quoting *Movers Warehouse, Inc. v. City of Little Canada*, 71 F.3d 716, 718 (8th Cir. 1995)). "[W]here no such interest exists, there can be no due process violation." *Singleton*, 176 F.3d at 424 (internal quotation and citation omitted). "Merely labeling a governmental action as arbitrary and capricious, in the absence of the

-11-

deprivation of life, liberty, or property, will not support a substantive due process claim." *Id.*

"Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source . . . ." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. In order for a Medicare provider to receive reimbursement, the provider must have a provider agreement. *See* 42 U.S.C. 1395cc(a)(1); *Vencor, Inc. v. Physicians Mut. Ins. Co.*, 211 F.3d 1323, 1325 (D.C. Cir. 2000).

Despite the language of § 1395cc, plaintiff asserts it had a protected property interest in reimbursement for services provided. Filing No. 34 at 17. Plaintiff argues that its protected property interest arose out of AOA's first accreditation. *Id.* However, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005). The grant of accreditation by an approved accreditation organization is not

conclusive as to whether or not a prospective provider has met all applicable conditions or requirements. *See* 42 U.S.C. § 1395bb; *see also* 42 C.F.R. §§ 488.4, 488.7. Rather, the language used in § 1395bb and §§ 488.4, 488.7 provides defendants with discretion as to whether or not an accreditation demonstrates that all of the applicable conditions or requirements have been met. *See id*. The Court finds that plaintiff did not have a protected property interest. Accordingly, KRMC's procedural and substantive due process claims fail.

Because defendants' decision is supported by substantial evidence; is not arbitrary, capricious, or an abuse of discretion; is in accordance with the law; and does not constitute a deprivation of due process, the Court will grant defendants' motion for summary judgment. Plaintiff's motion for summary judgment will be denied. A separate order will be issued in accordance with this memorandum opinion.

DATED this 29th day of November, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court